

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00128-CR

JAMES HAROLD MOON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 336th District Court
Fannin County, Texas
Trial Court No. CR-17-26337

Before Morriss, C.J., Moseley and Burgess, JJ.

ORDER

James Harold Moon was convicted by a Fannin County jury of bail jumping and failure to appear and was sentenced to six and one-half years' imprisonment. The scant information in this Court's file indicates that Moon retained Micah Belden to represent him at trial. On July 20, 2018, Moon filed a pro se notice of appeal. Both the court reporter and the district clerk filed motions for extensions of time in which to file their respective records with this Court, claiming (1) that the trial court found that Moon was not indigent for purposes of this appeal and (2) that Moon has not made payment arrangements for preparation of the respective records. Neither record has been filed, and Moon was not appointed appellate counsel to represent his interests on appeal.

Moon has now filed, in this Court, a request for the appointment of appellate counsel. In conjunction with his request, Moon has filed a declaration under penalty of perjury stating that because he is incarcerated, he has no source of income. Moon's unsworn declaration also states (1) that he has no assets, (2) that he has no interest in realty, vehicles, houses, stocks, bonds, or bank accounts, and (3) that his inmate trust account currently contains a total of $1.09. Moon has also filed with this Court an "In-Forma-Pauperis" form generated and notarized by the Texas Department of Criminal Justice which indicates that the six-month average balance in his inmate trust account was $300.54 and that the balance as of October 16, 2018, was $1.94.

Before the filing of these documents with this Court, the trial court conducted a hearing to determine whether Moon was indigent. Despite the fact that Moon was in custody serving a sentence in a correctional institution at the time of the hearing, the trial court determined that he was not indigent. The Fannin County District Court Plan for Indigent Defense, dated November 4,

2015, states, "A defendant *shall* be considered indigent if the person falls within any of the following criteria, as established by evidence deemed competent and reliable by the court: . . . 3. <u>In Custody</u>. The defendant is currently serving a sentence in a correctional institution . . . ." FANNIN COUNTY DISTRICT COURT PLAN INDIGENT DEFENSE (2015) (emphasis added), http://tidc.tamu.edu/IDPlan/ViewPlan.aspx?PlanID=593 (last visited Oct. 31, 2018).

Based on these circumstances, which reflect that Moon is indigent, we abate this matter to the trial court so that it may appoint counsel to represent Moon in this appeal. The trial court's order appointing counsel to represent Moon in this appeal shall be sent to this Court in the form of a supplemental clerk's record within ten days of the date of the date of this order. Additionally, we find that because Moon is indigent, he is entitled to the provision of the appellate record at no cost.

All appellate timetables are stayed and will resume on our receipt of the supplemental clerk's record. At that time, this Court will impose deadlines for the filing of the appellate record.

IT IS SO ORDERED.

BY THE COURT

Date: November 1, 2018

3